Cohn, J.
This action was instituted for a judgment declaring that the defendant in his occupancy of plaintiff’s premises is a trespasser or a statutory tenant.
In January, 1947, defendant sought to lease certain space in plaintiff’s building for a term of ten years. The space is subject to the business emergency rent statute. As a result of their negotiations, it was agreed that the parties would submit to a designated arbitrator the determination of a reasonable rent for the space.
A separate written agreement was simultaneously made under which plaintiff acknowledged receipt of $5,000 as security under a lease of the space in its building to be executed in the event that the rent determined by the arbitrator was acceptable to the parties. It was further provided that if the award of the arbitrator was approved by both parties and confirmed by the Supreme Court, then the amount of the award was to be inserted in the lease which was to be executed. There was also expressed the understanding that until the award is confirmed by the Supreme Court, ‘ ‘ the lease between said parties shall be without any effect, and all moneys, said deposit and rent for first month are without prejudice to the parties hereto ”.
On January 30, 1947, the arbitrator rendered his award fixing the reasonable rent in the sum of $10,000 per annum. After the parties signified their approval of the award it was confirmed by an order of the Supreme Court on January 31, 1947. Upon the fulfillment of this last condition of the contracts, the parties signed the lease for ten years at the annual rental of $10,000. Defendant entered into possession of the demised premises on February 2, 1947.
Thereafter, in April, 1947, defendant moved to set aside the order confirming the award and for a new arbitration. The application was ultimately granted (272 App. Div. 1014, affd. 297 N. Y. 871) on the ground that the arbitration was purely pro forma; that the rent in excess of the emergency rent was arrived at by consent of the parties and that the procedure *285 was violative of declared public policy. (Business Rent Law, L. 1945, ck. 314 as amd.) This court, however, did not direct a new arbitration.
Concededly, the rent of the demised premises was $4,500 per annum on June 1, 1944, the freeze date fixed by the Business Rent Law (L. 1945, ch. 314, § 1, as amd.). The emergency rent would, therefore, be $5,175 per annum. This sum, the tenant has been paying without prejudice to the rights of either party. The landlord has offered to return the $5,000 deposited as security but the tenant has refused to accept it because he claims to have a ten-year lease. He also asserts that he expended $30,000 in alterations and improvements, and he alleges that the landlord refused to contribute the sum of $400 for installation of a false ceiling, as he agreed to do. 0
The landlord now contends that there is no lease and that he may summarily evict the tenant. Defendant, however, urges that the vacatur of the award did not void the lease; that all of its provisions are in full force and effect save for the rental provision; that the amount of rental to be paid during the ten-year period is to be the emergency rent until such time as an arbitrator or the court fixes a different rental in a proper proceeding.
From a recital of these facts it would appear that the defendant obtained possession of the premises under a ten-year lease by representing to plaintiff that he had accepted the arbitration award as confirmed by the court. Evidently he had no intention of going into possession upon the terms so fixed. The prompt repudiation by defendant after he had obtained possession of the demised premises suggests that his acceptance thereof in the first instance was sham and no acceptance at all. Consequently, under the terms of his agreements with the landlord the lease between said parties is “ without any effect ”. The landlord was at no time under any obligation to lease the vacant space in his building to a tenant not in possession, and certainly he was not under any duty to give a lease for a ten-year term when quite obviously the present emergency will not last for that period of time.
The contract here was entire. The tenant obtained the long lease on specific agreements. These agreements he chose to repudiate, as was his right. However, he cannot claim that he is entitled to a lease for a ten-year term and cast aside the contracts which provide that if the arbitration award is not confirmed by the courts the lease between the parties shall be without any effect. As the matter now stands, the arbitra *286 tor’s award has been rejected by the courts. That leaves the parties in the position they would have been in, had defendant refused to consent to the award. Defendant has destroyed the foundation on which rests the existence of his lease. The tenant, of course, could have disapproved the award at the outset and received a return of his $5,000, thereby releasing the parties from their commitments. After beguiling plaintiff, the tenant seeks to hold the landlord to part of the agreements while he is relieved of part. The agreements here, as they were worded, bound both entirely or relieved both entirely.
The emergency rent laws were designed to secure persons out of possession as well as those in possession to the extent that exorbitant rents should not be exacted for business space and that only rentals permitted by statute should be allowed. In that respect defendant is entitled to such protection. His rent may only be the emergency rent or such rent as accords with the statute. If the parties resort to arbitration, such arbitration must be honestly conducted and must not be employed as a mere subterfuge to afford the landlord a means of exacting an excessive rental. But the statute does not shield a person in a plan to obtain a lease on premises for a long term of years by a scheme that he will agree to pay whatever rent is fixed by a single named arbitrator as confirmed by the court and renounce such agreement after he has gained possession.
Whether under all the circumstances plaintiff should have judgment declaring it to be entitled to possession of the premises is a question we need not pass upon in view of the fact that both by its complaint and in its brief plaintiff prays for alternative relief declaring defendant either a trespasser or a statutory tenant. In view of the expenditure which defendant has made upon the premises since he entered into possession thereof, there is ample justification for granting the alternative relief which does not effect a forfeiture of defendant’s possession but recognizes him as a statutory tenant.
In the circumstances of this case, we hold that the tenant does not have a lease, and that he is to have a return of the $5,000 which he deposited as security. He is privileged to remain in possession as a statutory tenant so long as he pays the emergency rent or such other rent as may be fixed pursuant to law (L. 1945, ch. 314, § 4, as amd.). His possession of the premises is subject to full protection of the Business Rent Law. As such, the tenant for the duration of the public emergency is safeguarded in his possession of the business space and he is protected by the establishment of a maximum rent at a level of *287 fifteen per centum above rents charged on June 1, 1944, or at a level otherwise determined, as provided by statute (L. 1945, ch. 314, § 1, as amd.).
The case of Whiting v. Tower's Stores, Inc. (273 App. Div. 1001, motion for leave to appeal denied, 274 App. Div. 782) is not pertinent to the issues presented here. In that case, a renewal lease was made with a tenant in possession. There were no preliminary agreements such as we have in the present case which provided that in the event that the courts did not approve of the rent fixed by the arbitrator there was to be no lease.
Plaintiff’s alternative prayer for relief, that defendant be adjudged a statutory tenant within chapter 314 of the Laws of 1945, as amended, should be granted and he is entitled to a declaratory judgment to that extent. The order should accordingly be reversed on plaintiff’s appeal and plaintiff is entitled to a declaratory judgment as indicated in this opinion. The order denying defendant’s motion for judgment on the pleadings or in the alternative for summary judgment should be affirmed.